UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALVIN AND NANCY VAUGHT | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:16-cv-291 |
| OCWEN LOAN SERVICING, LLC | § § § | |
| Defendant. | § | |

**OCWEN'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Ocwen Loan Servicing, LLC ("Ocwen") hereby files its *Motion to Dismiss and Brief in Support* and moves the Court to dismiss Plaintiffs' claims with prejudice. As grounds therefor, Ocwen states the following:

### I.    INTRODUCTION

This delay tactic case is the second manifestation of a virtually identical lawsuit seeking to halt the legitimate foreclosure of real property Plaintiffs admit they have failed to make payments on. Like the prior action that was dismissed with prejudice when Plaintiffs failed to respond to Ocwen's motion to dismiss, here Plaintiffs claim that Ocwen violated the Federal Debt Collection Practices Act, Texas Debt Collection Practices Act, Texas Deceptive Trade Practices Act, and a Consent Order that was the product of litigation between Ocwen and the Consumer Finance Protection Bureau. In connection with these claims, Plaintiffs also allege—without pleading facts sufficient to put Ocwen on notice of any purported cause of action—that Ocwen has refused to accept payments from Plaintiffs, that financial records allegedly provided

by Plaintiffs to Ocwen for the purpose of entering into a loan modification were never forwarded to the loan modification program, and that Ocwen has failed to provide Plaintiffs correct information about the status of their loan. However, each of Plaintiffs' claims fail and should be dismissed: foremost, because these claims have already been litigated and dismissed with prejudice and thus *res judicata* bars re-litigating the claims; and additionally, because each of the claims fail as discussed herein. Further, because Plaintiffs have not asserted any viable cause of action, Plaintiffs are not entitled to injunctive relief as a matter of law. Moreover, no amendment to the claims that comprise this lawsuit—claims that the Court has already disposed of—could articulate a viable claim. Therefore, this case too should be dismissed with prejudice.

## II. STATEMENT OF FACTS

### A. THE LOAN

On April 11, 2008, Plaintiffs Alvin and Nancy Vaught ("Plaintiffs") executed a deed of trust (the "Deed of Trust") securing repayment on a note (the "Note") in the amount of $275,500.00 in favor of Compass Bank (the "Original Lender") with respect to real property located at 210 English Oaks Circle, Boerne, Texas 78006 (the "Property"). (A true and correct copy of the Deed of Trust is attached as **Exhibit A**)[1] (the Note and Deed of Trust are collectively hereinafter referred to as the "Loan").

In the Deed of Trust, Plaintiffs agreed that they shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. (*See* Ex. A at ¶ 1.) Plaintiffs also agreed that if a default is not cured, the lender at its option may require immediate payment in full of all sums secured by the Deed of Trust and may invoke the power of sale and other remedies permitted by law. (*See id.* at ¶ 22.) Plaintiffs

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Ocwen respectfully requests that the Court take judicial notice of this publicly filed document. *See* FED. R. EVID. 201.

do not contest—and indeed concede—that they got behind on their payments. (*See* Compl. at ¶ 4.) Plaintiffs also agreed that a sale might result in a change in the entity known as the loan servicer that collects payments due under the Note and Deed of Trust. (*See* Ex. A at ¶ 20.) Ocwen currently services the Loan. Despite defaulting on the Loan, Plaintiffs seek to forestall a lawful and legitimate foreclosure by filing this action.

### B. THE PRIOR LAWSUIT

Further, this is not Plaintiffs' first bite at the apple. Plaintiffs previously filed suit in the 216th Judicial District of Kendall County, Texas on November 4, 2014, in a lawsuit entitled *Alvin Vaught et ux Nancy Vaught v. Ocwen Loan Servicing, LLC*, Cause No. 14-508, asserting virtually identical claims (the "Prior Lawsuit"). (A true and correct copy of the "Prior Lawsuit Complaint" is attached as **Exhibit B**.)[2] That case was removed to the Western District of Texas, and thereafter dismissed on December 23, 2014. Significantly, the case was dismised with prejudice. (A true and correct copy of the "Prior Lawsuit Order" is attached as **Exhibit C**.)[3]

### C. THE INSTANT LAWSUIT

Despite dismissal of the Prior Lawsuit with prejudice (*see* Ex. C), Plaintiffs filed their *Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction* (the "Complaint" or "Compl.")—the same court Plaintiffs filed the Prior Lawsuit in—on January 5, 2016 in the 216th Judicial District of Kendall County, Texas, styled *Alvin and Nancy Vaught v. Ocwen Loan Servicing, LLC*, Cause No. 16-002. In their Complaint, Plaintiffs assert virtually identical claims to those asserted in the Prior Lawsuit. Like the Prior Lawsuit, Ocwen removed the instant lawsuit to this Court. And also like the Prior Lawsuit, the

---

[2]   Pursuant to Rule 201 of the Federal Rules of Evidence, Ocwen respectfully requests that the Court take judicial notice of this publicly filed document. *See* FED. R. EVID. 201.

[3]   Pursuant to Rule 201 of the Federal Rules of Evidence, Ocwen respectfully requests that the Court take judicial notice of this publicly filed document. *See* FED. R. EVID. 201.

instant litigation is a delay tactic designed to preclude foreclosure of the Property, despite Plaintiffs' admitted default. For the reasons stated more fully herein, Plaintiffs' claims should be dismissed with prejudice.

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Surviving dismissal "require[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotation marks omitted). A "[c]ourt need not credit bare conclusory allegations." *Olaoye v. Wells Fargo Bank, N.A.*, No. 4:11-CV-772-Y, 2012 WL 1082307, at *2 (N.D. Tex. Apr. 2, 2012) (citing *Twombly*, 550 U.S. at 555).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft*, 556 U.S. at 678. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

## IV.     ARGUMENT AND AUTHORITIES

### A.     PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA

Plaintiffs' Complaint should be dismissed with prejudice foremost because this case has already been litigated and this Court already dismissed the first, virtually identical permutation of this lawsuit with prejudice. (*See* Ex. C.)

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). *Res judicata* bars a claim where: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt LLC v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004). In "determining whether the parties in both suits are identical or in privity, the court may look to whether there is a pre-existing legal relationship between the parties in the two actions." *Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)). A "prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The critical issue is whether the two actions are based on the same nucleus of operative facts." *Id.*

The claims in this lawsuit are barred by *res judicata*. The parties in the Prior Action and the instant litigation are the same – Plaintiffs were the plaintiffs in that action and Ocwen was the defendant, as it is here. Moreover, the Western District of Texas disposed of Plaintiffs' claims in the Prior Lawsuit by granting Ocwen's motion to dismiss and dismissing Plaintiffs' claims with prejudice. (*See* Ex. C.) Finally, the claims against Ocwen in this case are exactly the same:

Plaintiffs yet again assert alleged violations of the Federal Debt Collection Practices Act, Texas Debt Collection Practices Act, Texas Deceptive Trade Practices Act, and Consent order between Ocwen and the Consumer Financial Protection Bureau. Each of the claims are based on the same factual allegations and arise from the exact same "nucleus of operative facts." *See Test Masters*, 428 F.3d at 571. Thus, Plaintiffs' Complaint should be dismissed with prejudice on this ground alone, without any further consideration of the law.

However, should this Court be inclined to find that *res judicata* does not bar Plaintiffs' claims, each of those claims still fail, as articulated below.

### B.   PLAINTIFFS' FDCPA CLAIM FAILS

Plaintiffs' Federal Debt Collection Practices Act ("FDCPA") "claim"—to the extent Plaintiffs' limited allegations can even be construed as such—fails. First, Plaintiffs have not specified a provision of the FDCPA that Ocwen allegedly violated, nor have Plaintiffs alleged any facts that could give rise to such a claim. Second, Plaintiffs have not met the statutory requirements for pleading an FDCPA claim, namely because Ocwen is not—and cannot be—a debt collector within the meaning of the FDCPA.

#### 1.   *Plaintiffs Do Not Allege Ocwen Violated a Specific Provision of the FDCPA*

First, Plaintiffs fail to allege the provision of the FDCPA under which they bring their claim, or any facts demonstrating how Ocwen allegedly violated the FDCPA. Instead, Plaintiffs state only that they "previously requested verification of the debt pursuant to the [FDCPA] (15 U.S.C. § 1601 et seq.) . . ." and allegedly "[n]o response from Ocwen has ever been received," and that Ocwen allegedly "refused to allow payments unless Plaintiffs first paid off the entire balance that is in arrears or successfully completed a loan remodification." (*See* Compl. at ¶ 5.)

Plaintiffs' allegations are conclusory, lacking in specific facts, and are therefore insufficient to plead a plausible claim. *See Blackburn*, 42 F.3d at 931 (discussing motion to dismiss standard).

> 2. *Plaintiffs Fail to State a Plausible Claim Because They Do Not Plead the Required Elements of Such Claim*

Further, to the extent the Court construes Plaintiffs' bare bones allegations as asserting an FDCPA claim despite not reciting a single specific provision that Ocwen purportedly violated, that claim still fails because Plaintiffs have not sufficiently pled the statute's required elements.

The FDCPA makes it unlawful for "debt collectors" to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). To prevail on an FDCPA claim, a plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Vick v. NCO Fin. Sys., Inc.*, No. 2:09-CV-114-TJW-CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

Plaintiffs fail to plead that Ocwen is a debt collector within the meaning of the FDCPA. The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include any person collecting or attempting to collect any debt owed or due, or asserted to be owed or due to another, to the extent such activity concerns a debt that was originated by such person or concerns a debt that was not in default at the time it was obtained by such person. *Id.* at § 1692a(6)(F). "Only parties who meet the statutory definition of debt collector are subject to civil liability under the FDCPA." *Bacon v. Sw. Airlines Co.*, No. Civ. A. 3:97-CV-221-L, 1999 WL 134569, at *2 (N.D. Tex. Mar. 5, 1999). Significantly, the Fifth Circuit has held that a debt collector does not include the consumer's creditors, a mortgage

servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned to such entity. *Perry*, 756 F.2d at 1208 (internal citations omitted); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008).

Plaintiffs do not plead that Ocwen is a debt collector. *See, e.g.*, *Bruce v. Nationstar Mortg.*, Civ. A. No. 3:13-CV-3019-M-BH, 2014 WL 2587527, at *5 (N.D. Tex. May 20, 2014) (dismissing plaintiffs' FDCPA claim because plaintiffs' allegations failed to raise a reasonable inference that defendant was a debt collector and did not meet the applicable pleading standard); *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *6-7 (N.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (dismissing FDCPA claims after finding that the plaintiffs' recitation of the statutory language, without any facts in support, was insufficient to plausibly allege that the defendants were "debt collectors" under the FDCPA). Further, since Ocwen services the Loan, sufficiently pleading that Ocwen is a debt collector requires pleading that the Loan was in default when Ocwen began servicing the Loan, and Plaintiffs have made no such allegation. *See Perry*, 756 F.2d at 1208 (internal citations omitted); *see also Williams*, 504 F. Supp. 2d at 190. In fact, Plaintiffs expressly plead that they defaulted *after* Ocwen began servicing the Loan. Thus, Ocwen cannot be a debt collector under the meaning of the FDCPA. (*See* Compl. at ¶ 4.) As such, Plaintiffs fail to state a plausible FDCPA claim. The Court should dismiss Plaintiffs' FDCPA claim.

### C. PLAINTIFFS' TDCA CLAIM FAILS

Plaintiffs also do not state a cognizable claim for violation of the Texas Debt Collection Act ("TDCA"). Plaintiffs' bare bones allegations pertaining to the TDCA are the same as those asserted with respect to the FDCPA, discussed *supra*. (*See* Compl. at ¶ 5.) But Plaintiffs' TDCA "claim"—to the extent it is construed as such—fails first because Plaintiffs' TDCA claim

is based on alleged representations pertaining to possible loan modifications. Second, Plaintiffs fail to allege the provision of the TDCA Ocwen purportedly violated. Third, Plaintiffs have suffered no injury. And further, even if this Court construed Plaintiffs' allegation that they requested verification of the debt as an alleged violation of Section 392.202 of the Texas Finance Code (*see* Compl. at ¶¶ 5-7), that claim would still fail because Plaintiffs have failed to allege sufficient facts to support such a claim.

          *1.    Plaintiffs' TDCA Claim is Based on Alleged Representations Pertaining to Possible Loan Modifications*

First, Plaintiffs' TDCA claim is based on the alleged representations made related to possible loan modifications. (*See* Compl. at ¶ 5 ("Ocwen refused to allow such payments unless Plaintiffs first paid off the entire balance . . . or successfully completed a loan remodification."); *see also id.* at ¶ 6 ("Plaintiffs have repeatedly provided financial information to representatives of [Ocwen] . . . for evaluation in the home loan remodification program" but "Plaintiffs were later informed by subsequent representatives that none of the information was ever provided to the loan modification program."); *id.* at 7 ("Plaintiffs have pulled their financial records in an effort to secure a loan modification . . .").)

Courts applying Texas law have held that allegations concerning loan modifications do not constitute debt collection activity, and are not representations, or misrepresentations, of the amount or character of a debt. *See Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (finding that "statements relating to the preparation, and review of [plaintiff's] loan modification . . . do not concern the collection of a debt, [but] instead[] relate to its modification and thus they do not state a claim under 392.304(a)(19)."); *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 (5th Cir. 2012) (finding no case law that failure to modify a loan as promised constitutes a violation of section 392.304(a)(19)); *Teeples v. JPMorgan Chase Bank,*

*N.A.*, No. 4:12-cv-795, 2013 WL 189287, at *6 (E.D. Tex. Apr. 9, 2013) (agreeing with Chase that "helping Plaintiffs obtain a loan modification is not collection or soliciting collection of the amount due under the Note and Deed of Trust"). Thus, to the extent Plaintiffs base their TDCA claim on alleged misrepresentations regarding a loan modification, the claim fails.

      2. *Plaintiffs Do Not Allege Ocwen Violated a Specific Provision of the TDCA*

Similar to their FDCPA claim, Plaintiffs fail to allege which provision(s) of the TDCA Ocwen allegedly violated. *See Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *3 (N.D. Tex. Feb. 24, 2012) ("Plaintiff does not cite the specific section of the TDCPA allegedly violated by [defendant's] conduct . . ."). Plaintiffs merely state that they "previously requested verification of the debt pursuant to . . . the [TDCA] contained in the Finance Code at Chapter 392." Plaintiffs' allegations are conclusory, lacking in specific facts, and are insufficient to plead a plausible claim. *See, e.g.*, *Franklin v. BAC Home Loans Servicing, L.P.*, No. 10-cv-1174, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."); *Brinson v. Univ. Am. Mortg. Co.*, No. 13-cv-463, 2014 WL 4354451, at *7 (S.D. Tex. Sept. 2, 2014) (same). Plaintiffs fail to even recite the elements of the TDCA. As such, Plaintiffs' TDCA claim fails.

      3. *Plaintiffs Have Suffered No Injury Resulting From a Wrongful Act*

Finally, Plaintiffs' TDCA claim fails because Plaintiffs have suffered no injury, which is a required element to plead a TDCA claim. *See* TEX. FIN. CODE §§ 392.001 *et seq.* (requiring as an element that the plaintiff was injured as a result of the defendant's wrongful act). Plaintiffs have not alleged any actual injury (and they still remain in the Property), and furthermore have not pled injury resulting from any alleged wrongful act. *See, e.g.*, *Kruse v. Bank of New York*

*Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013) (granting summary judgment in defendant bank's favor because plaintiffs offered no evidence that they sustained actual damages as a result of their alleged TDCA violations); *see also Voth v. Fed. Nat'l Mortg. Ass'n*, No. 3-10-CV-2116-G-BD, 2011 WL 1897759, at *3 (N.D. Tex. Apr. 22, 2011) ("Because [Bank of America] had a statutory right to foreclose on plaintiff's property and exercised that right in a procedurally correct manner, there is no violation of the TDCPA or the DTPA.").

    4.    *Plaintiffs Fail to State a Plausible Claim for Violation of Section 392.202 of the Texas Finance Code*

Further, even if this Court construed Plaintiffs' allegation that they requested verification of the debt pursuant to Texas Finance Code Chapter 392 and Ocwen never responded as a claim that Ocwen violated Section 392.202 of the Texas Finance Code, such a claim still fails.  Section 392.202 of the Texas Finance Code provides that "[a]n individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy."  Tex. Fin. Code § 392.202(a).  That section further provides, "[n]ot later than the 30th day after the date a notice of inaccuracy is received, a third-party debt collector who initiates an investigation shall send a written statement to the individual: (1) denying the inaccuracy; (2) admitting the inaccuracy; or (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy."  TEX. FIN. CODE § 392.202(b).  Plaintiffs have only made the vague allegation that "they requested verification of the debt" and Ocwen has not responded.  (*See* Compl. at ¶ 5.)  They do not state whether they sent the request in writing as required by the TDCA.  In addition, Plaintiffs do not provide a copy of the request or state when they allegedly sent the request.  Because Plaintiffs

have failed to allege sufficient facts to support their claim, Plaintiffs' TDCA claim should be dismissed for failure to state a claim.

**D.    PLAINTIFFS' DTPA CLAIM FAILS**

Plaintiffs also, in one brief sentence in their Complaint, contend that "Ocwen's actions and omissions violate §§17.46(a) and (b) of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§17.41 *et. seq.* (DTPA)."  (Compl. at ¶ 8.) However, this "claim"—to the extent it can be construed as such—fails first because Plaintiffs have not pled facts sufficient to state a claim; second, because the economic loss rule bars the DTPA claim; and third, because Plaintiffs are not consumers under the DTPA.

*1.    Plaintiffs Have Not Pled Facts Sufficient to State a Claim*

The extent of Plaintiffs' DTPA claim is that "Ocwen's actions and omissions violate §§17.46(a) and (b) of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§17.41 *et. seq.* (DTPA)."  (Compl. at ¶ 8.)  Plaintiffs do not specify what acts and/or omissions allegedly violate the DTPA, when that alleged act or omission occurred, or how those alleged acts or omissions are violative, let alone even recite the elements of a DTPA claim.  Without additional support, Plaintiffs have not stated a DTPA claim at all.

*2.    The Economic Loss Rule Bars the DTPA Claim*

Further, Plaintiffs' DTPA claim fails because the economic loss doctrine precludes it. Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties.  *See Sw. Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract."); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.").  The economic loss rule has been applied to preclude

DTPA claims where a plaintiff alleges no damages independent of those suffered as a result of an alleged breach of contract.  *See, e.g.*, *Simms v. Jones*, 879 F. Supp. 2d 595, 602-03 (N.D. Tex. 2012) (economic loss rule barred DTPA claims).

Plaintiffs have not alleged any independent injury outside of the purported economic losses arising from the subject matter of the note and deed of trust.  *Sw. Bell Tele. Co.*, 809 S.W.2d at 494; *Jim Walter Homes, Inc.*, 711 S.W.2d at 618.  Plaintiffs have not demonstrated, and cannot demonstrate, that they suffered any loss independent of the subject matter of the note and deed of trust.  Consequently, the DTPA claim fails as a matter of law.

### 3.  *Plaintiffs Do Not Sufficiently Plead Under the DTPA*

Finally, Plaintiffs do not sufficiently meet the DTPA's requirements.  To recover under the DTPA, Plaintiffs must show that: (1) they are consumers of Ocwen's goods or services; (2) Ocwen can be sued under the DTPA; (3) Ocwen committed a wrongful act proscribed by the DTPA; and (4) Ocwen's alleged wrongful act was the producing cause of their damages.  *See Fowler v. U.S. Bank, Nat'l Ass'n*, 2 F. Supp. 3d 965, 974 (S.D. Tex. 2014).  Plaintiffs wholly fail to allege the first, second, and fourth elements of a DTPA claim.

#### a.  Plaintiffs Are Not DTPA Consumers

First, Plaintiffs are not DTPA consumers.  To sufficiently plead they are consumers, Plaintiffs must plead that they (1) sought or acquire goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint.  *Id.*  "It is well recognized, however, that borrowing money does not constitute the acquisition of a good or service" under the DTPA.  *Baker v. Countryside Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *6 (N.D. Tex. June 24, 2009); *see also Fowler*, 2 F. Supp. 3d at 974 ("A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of plaintiff's complaint."); *Whittier v. Ocwen Loan Servicing, LLC*, No.

H-12-3095, 2013 WL 5425294, at *7 (S.D. Tex. Sept. 25, 2013); *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) ("[O]ne who obtains a . . . loan does not obtain a 'good' or a 'service' to qualify as a consumer under the DTPA."); *Grants-Brooks v. WMC Mortg. Corp.*, No. 3:02-CV-2455-AH, 2003 WL 23119157, at *1, 8 (N.D. Tex. Dec. 9, 2003) (loan borrowers did not constitute "consumers" under the DTPA).

In addition, even if a lender provides services that are incidental to the completed loan, the performance of such services, such as servicing of a mortgage, does not transform the borrower into a consumer for purposes of the DTPA.  *See Khan v. Wells Fargo Bank, N.A.*, No. H:12-1116, 2013 WL 5323098, at *4 (S.D. Tex. Sept. 20, 2013) ("[s]ervicing a mortgage is not a service under the DTPA."); *Fowler*, 2 F. Supp. 3d at 975; *Porter v. Countrywide Home Loans*, No. CV-07075, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008).  Relatedly, the Fifth Circuit has held that loan servicing and foreclosure activities do not constitute services under the DTPA. *See Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274, 279 (5th Cir. 2014) ("Rojas is not a consumer . . . because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction.").  Federal district courts in Texas have also dismissed alleged DTPA claims based on mortgage servicing and foreclosure activities.  *See Brown v. Wells Fargo Bank, N.A.*, No. H-13-3228, 2015 WL 926573, at *3 (S.D. Tex. Mar. 4, 2015) ("Brown's claim is based . . . on subsequent mortgage servicing and foreclosure activities . . . . Brown is therefore not a consumer under the DTPA.").

Plaintiffs' DTPA claim is based not on the purchase of the Property, but instead on the mortgage servicer's subsequent alleged conduct.  (*See* Compl. at ¶ 8.)  Consequently, Plaintiffs are not consumers under the DTPA.  *See Brown*, 2015 WL 926573, at *2-3; *Fowler*, 2 F. Supp. 3d at 975.

            b.        <u>Plaintiffs Have Not Alleged a Wrongful Act Proscribed by the DTPA That Was the Producing Cause of Plaintiffs' Alleged Injury</u>

The DTPA claim also fails because Plaintiffs have not alleged any facts that would allow the Court to find Ocwen committed a wrongful act proscribed by the DTPA, nor have Plaintiffs alleged any injury that was allegedly caused by a wrongful act proscribed by the DTPA. Each of these are required elements to establish a DTPA claim. *See Fowler*, 2 F. Supp. 3d at 974 (stating that to establish a DTPA claim, a plaintiff must allege that the defendant's alleged wrongful act was the producing cause of the plaintiff's damages). Because Plaintiffs have made no such allegations, their DTPA claim fails for this additional reason. *Voth*, 2011 WL 1897759, at *3 ("Because [Bank of America] had a statutory right to foreclose on plaintiff's property and exercised that right in a procedurally correct manner, there is no violation of the TDCPA or the DTPA.").

      E.      **PLAINTIFFS LACK STANDING TO CHALLENGE THE CFPB CONSENT ORDER**

Plaintiffs appear to allege, albeit in conclusory fashion, that Ocwen is in violation of a consent order they separately entered into with the Consumer Financial Protection Bureau ("CFPB"). (*See* Compl. at ¶ 8 ("Evidence of Plaintiffs' contentions is corroborated by the lawsuit filed against Ocwen by the [CFPB] . . ." and "Ocwen agreed to a Consent Order . . .").) However, Plaintiffs lack standing to enforce the terms of any consent order. Thus, any purported claims based on a consent order fail.

"It is well settled that 'a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Choe v. Bank of Am., N.A.*, No. 3:13-CV-0120-D, 2013 WL 3196571, at *4 (N.D. Tex. June 25, 2013) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)); *see also Shatteen v. JP Morgan Chase Bank, N.A.*, 519 Fed. Appx. 320, 321 (5th Cir. 2013) (holding

homeowner "has no standing to enforce consent decrees to which she is not a party"); *U.S. v. United Fruit Co.*, No. 93-3537, 1994 WL 199225, at *2 (5th Cir. May 13, 1994); *Bagela v. Bank of Am.*, No. H-13-0160, 2013 WL 4523562, at *2 (S.D. Tex. Aug. 27, 2013) ("mortgagors . . . do not have standing to enforce a consent decree that banks have entered into with the government."); *Radkowski v. Bank of Am., N.A.*, No. 4:13CV305, 2013 WL 5718755, at *2 (E.D. Tex. Oct. 18, 2013) ("Plaintiff lacks standing to enforce consent decrees to which he is not a party."); *Pachecano v. JPMorgan Chase Bank Nat'l Ass'n*, No. SA-11-CV-805-DAE, 2013 WL 45208530, at *13 (W.D. Tex. Aug. 26, 2013) (granting summary judgment in favor of bank and holding homeowner lacked standing to enforce consent decree between banks and Government); *Daniels v. JPMorgan Chase, N.A.*, No. 4:11-CV-616, 2011 WL 7040036, at *3 (E.D. Tex. Dec. 14, 2011), *report and recommendation adopted*, No. 4:11-CV-616, 2012 WL 123060 (E.D. Tex. Jan. 17, 2012) ("Plaintiffs lack standing to enforce a consent decree."); *Cummings v. Mortg. Elec. Registration Sys., Inc.*, No. 1:13-CV-3302-TWT, 2014 WL 3767797, at *6 (N.D. Ga. July 30, 2014) ("consent orders signed between the Office of the Comptroller of the Currency and . . . MERS do not contain a private right of action.").

Because there is no private right of action under the consent order, and because Plaintiffs lack standing to enforce the consent order, as they are not parties thereto, any claims for purported violations of the CFPB consent order fail and should be dismissed.

### F. PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DENIED

A request for injunctive relief is not a cause of action itself, but is dependent on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Injunctive relief is simply a form of equitable remedy."); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead a viable underlying cause of action). Because they have

not asserted any viable causes of action against Ocwen, Plaintiffs are not entitled to any injunctive relief, and such request should be denied.

### G. DISMISSAL WITH PREJUDICE IS APPROPRIATE

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile").

As demonstrated herein, Plaintiffs' claims fail, and as a result, allowing them to file an amended pleading would be futile. Further, Plaintiffs have already litigated these claims. The Prior Lawsuit was dismissed by this Court on December 23, 2014 (*see* Ex. C), and Plaintiffs did not bring suit again until January 5, 2016, over one year later. In that entire one-year span, no additional facts or amendments were made to the Complaint, and here again Plaintiffs assert the same conclusory claims. Therefore, the Court should dismiss this lawsuit with prejudice.

### V. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Ocwen prays that the Court dismiss Plaintiffs' claims with prejudice, and further requests that the Court grant it any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Matthew B. Buongiorno*
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661
aanthony@lockelord.com
**Matthew K. Hansen**
State Bar No. 24065368
mkhansen@lockelord.com
**Matthew B. Buongiorno**
State Bar No. 24097436
matthew.buongiorno@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**OCWEN LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document is served on Plaintiffs' counsel of record pursuant to the Federal Rules of Civil Procedure *via electronic transmission through eFileTexas.gov and/or certified mail, return receipt requested*, on this 8th day of June, 2016:

**Reid A. Nelson**
210 English Oaks Circle
Boerne, Texas 78006
(210) 260-5161 (Telephone)
(866) 767-4565 (Facsimile)

*/s/ Matthew B. Buongiorno*
Counsel for Defendant