UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALVIN VAUGHT and NANCY VAUGHT, | § § § | No. 5:16-CV-291-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| OCWEN LOAN SERVICING, LLC | § § | |
| Defendant. | § § § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") (Dkt. # 7). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of the Motion[1], the Court, for the reasons that follow, **GRANTS** the Motion to Dismiss (Dkt. # 7).

BACKGROUND

On April 11, 2008, Alvin Vaught and Nancy Vaught ("Plaintiffs") purchased a home located at 210 English Oaks Circle, Boerne, Texas, 78006 ("the

---

[1] Plaintiffs, who are represented by counsel, did not file a Response to the Motion to Dismiss.

1

Property"). ("Orig. Pet.," Dkt. # 1-3 ¶ 4; "Deed of Trust," Dkt. # 7, Ex. A.) To purchase the Property, Plaintiffs executed a Note in favor of Compass Bank in the amount of $275,500 and executed a Deed of Trust in favor of the lender.[2] (Deed of Trust.) Plaintiffs admit Ocwen currently owns the Note and Deed of Trust (collectively, "the Loan"). (Orig. Pet. ¶ 4.) Plaintiffs also admit that they defaulted on their Loan payments. (Id.)

On November 4, 2014, Plaintiffs sued Ocwen in the 216th Judicial District Court, Kendall County, Texas, entitled <u>Alvin Vaught et ux Nancy Vaught v. Ocwen Loan Servicing, LLC</u>, Cause No. 14-508 ("the Prior Lawsuit"). (Dkt. # 7 Ex. B.) Ocwen removed the Prior Lawsuit to the United States District Court for the Western District of Texas. (<u>Alvin Vaught et al v. Ocwen Loan Servicing, LLC</u>, No. 5:14-cv-1044, Dkt. # 1 (W.D. Tex. Nov. 26, 2014). In that lawsuit, Plaintiffs sought an order enjoining Ocwen from conducting a foreclosure sale in November 2014, and alleged various claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601 <u>et seq.</u>, and the Texas Debt

---

[2] The Court takes judicial notice of the deed of trust and all assignments pursuant to Federal Rule of Evidence 201 as properly recorded and official property records of Ector County, Texas. Plaintiff referenced these records and the records are central to Plaintiff's claims. Accordingly, the Court may rely on these documents to adjudicate the pending motion. <u>Randall D. Wolcott, M.D., P.A. v. Sebelius</u>, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

Collection Practices Act ("TDCPA"). (Dkt. # 7, Ex. B.) On December 23, 2014, the Court dismissed with prejudice Plaintiffs' lawsuit. (Dkt. # 7, Ex. C.)

On January 5, 2016, Plaintiffs filed the instant lawsuit against Ocwen in the 216th Judicial District Court, Kendall County, Texas, entitled <u>Alvin and Nancy Vaught v. Ocwen Loan Servicing, LLC</u>, Cause No. 16-002. ("Instant Lawsuit," Dkt. # 1-3.) On March 22, 2016, Ocwen removed the Instant Lawsuit to this Court. (Dkt. # 1.) In the Instant Lawsuit, Plaintiffs sought to stop another foreclosure sale set to occur in January 2016. Plaintiffs assert the identical claims against Ocwen as they did in the Prior Lawsuit. Indeed, both original petitions in state court appear to be identical—they rely on the same alleged facts and the same legal claims. Both lawsuits allege violations of the FDCPA, TDCPA, Texas Deceptive Trade Practices Act ("TDTPA"), a Consent Decree between Ocwen and the Consumer Financial Protection Bureau, and allege that Ocwen keeps losing Plaintiffs' application for a loan modification. The only relevant difference between the two lawsuits is that the Prior Lawsuit sought to stop a foreclosure sale in November 2014 and the Instant Lawsuit sought to stop a foreclosure sale in January 2016.

On June 8, 2016, Ocwen filed a Motion to Dismiss. (Dkt. # 7.) Plaintiffs did not file a Response.

## LEGAL STANDARD

When considering a motion to dismiss in a removed action, the Court "must apply the federal pleading standard," instead of a state's more lenient notice pleading standard. Int'l Energy Ventures Mgmt, LLC v. United Energy Grp., Ltd. 818 F.3d 193, 207 (5th Cir. 2016).

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff fails to satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Id.

## DISCUSSION

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Four elements must be met for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  Id. (quoting In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 (5th Cir. 2007)).  To evaluate the fourth prong of this test, courts apply the transactional test.  In re Paige, 610 F.3d 865, 872 (5th Cir. 2010).  Under that test, "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the

original action arose." Id. (internal quotations omitted.) The critical issue is "whether the two actions under consideration are based on the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted." Id. (internal quotations admitted); see also Oreck Direct, 560 F.3d at 402

In this case, all four elements are met. Here, the parties in this case are identical to the parties in the Prior Lawsuit. This Court was a court of competent jurisdiction when it dismissed the prior lawsuit with prejudice. Oreck Direct, 560 F.3d at 401 (holding that a district court's dismissal of the case with prejudice was a final judgment on the merits); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 n. 8 (5th Cir. 1993). Finally, the claims in the Prior Lawsuit and the Instant Lawsuit are identical, and arise out of the exact same facts. While the Prior Lawsuit sought to enjoin a November 2014 foreclosure sale and the Instant Lawsuit seeks to enjoin a different foreclosure sale, Plaintiffs have relied on the same facts to support their claims for relief. Indeed, Plaintiffs cite no new facts or transactions that have occurred subsequent to the Court's final judgment in the Prior Lawsuit. Thus, the preclusive effect of the Prior Lawsuit's final judgment on the merits extends to all rights that Plaintiffs had with respect to all or any part of the transactions alleged in both lawsuits.

Finally, Plaintiff's request for an injunction enjoining Defendant from attempting to enter or take possession of the Property, proceeding with a sale or foreclosure, or attempting to purchase, transfer, assign, or collect on the mortgage, note, and deed is denied, as their request is not supported by a viable underlying cause of action.  See Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009); Von Scheele v. Wells Fargo Bank, N.A., SA–12–CV–00690–DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013).

CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 7).  The Court **ORDERS** this case **DISMISSED WITH PREJUDICE** in light of the Court's previous dismissal with prejudice.[3]  The hearing scheduled on August 11, 2016, is **CANCELLED**.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, June 30, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

---

[3] This is the second time this lawsuit has been filed; in both instances a virtually identical complaint form was used and in both cases the Court dismissed the claims with prejudice.  The Court reminds Plaintiffs' counsel, Reid Allen Nelson, of his legal obligation under Federal Rule of Civil Procedure 11(b) to not present any paper to the Court for an improper purpose or to assert claims that are frivolous or otherwise unwarranted by existing law.  The Court may on its own issue an order to show cause why an attorney's litigious conduct has not violated Rule 11(b).